```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA  :

                    :

  v.                      :   Criminal No. DKC 19-198

                    :

KYLE GREENE

                    :

**MEMORANDUM and ORDER**

Defendant Kyle Greene ("Mr. Greene") filed a letter/motion for a reduction in sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (ECF No. 41). For the reasons that follow, the motion will be denied.

Mr. Greene pleaded guilty to possession of a stolen firearm. He was sentenced on March 6, 2020, to 108 months in prison. (ECF No. 36). He did not appeal.

The Clerk received a letter from Mr. Greene on November 30, 2023, asking whether Amendment 821 would reduce his sentence. (ECF No. 41). The Clerk sent Mr. Greene a letter on December 12, 2023, advising him that the Federal Public Defender was appointed to make a preliminary review of his motion and, if it was determined that he qualified, that office would file a motion with the court on his behalf. (ECF No. 43). Assistant Federal Defender Sapna Mirchandani filed a notice on June 5, 2024, advising that the

Office of the Federal Public Defender would not be filing a supplement to Mr. Greene's motion.  (ECF No. 44).

"Ordinarily, a federal court may not 'modify a term of imprisonment once it has been imposed.'  This 'rule of finality,' however, 'is subject to a few narrow exceptions.'" *United States v. Gary*, No. 08-cr-0086-JKB, 2024 WL 1641007, at *1 (D.Md. Apr. 16, 2024) (first quoting 18 U.S.C. § 3582(c); and then quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).  For instance, 18 U.S.C. § 3582(c)(2) provides that a court may "lower the sentence of a defendant who was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' if the . . . reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines."  *Id.* (quoting 18 U.S.C. § 3582(c)(2)).  In addition, under 18 U.S.C. § 3582(c)(2), "a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *Id.* (citing *United States v. Riley*, No. 13-cr-0608-ELH, 2022 WL 9361679, at *5 (D.Md. Oct. 14, 2022)).  Part A of Amendment 821 ("Part A") retroactively alters the application of the Sentencing Guidelines of certain offenders who (1) earned criminal history "status points" based on the commission of an offense while serving

2

a criminal justice sentence, or (2) is assessed zero criminal history points at the time of sentencing. Specifically, Part A decreased status points by one point for a defendant with seven or more criminal history points and eliminated status points altogether for a defendant with six or fewer criminal history points.

Mr. Greene asserts that he qualifies for a sentence reduction under Amendment 821 because two points were added to his criminal history score for being under a criminal justice sentence at the time of this offense. At sentencing, Mr. Greene's criminal history scored nine (9) points. Two more points were added because he was under a criminal sentence at the time of the offense. With a total criminal history score of eleven (11), Mr. Greene was found to be in a criminal history category of V.

Part A, as applied here, results in the addition of one point in lieu of the two points assessed originally. Calculating together the original criminal history score of nine (9) with the addition of one (1) point pursuant to Part A, yields a total criminal history score of ten (10). Ten (10) criminal history points correspond to a criminal history category of V. *See* U.S.S.G. Ch. 5, pt. A. Because Mr. Greene remains in a criminal history category of V even after the application of Part A, he

3

does not qualify for a sentence reduction and his motion will be denied.

Accordingly, it is this 26th day of September, 2024, by the United States District Court for the District of Maryland hereby ORDERED that:

1.   The motion for a reduction in sentence under Amendment 821 and for the appointment of counsel filed by Byron Keith Greene (ECF No. 41) BE, and the same hereby IS, DENIED; and

2.   The Clerk will mail a copy of this Order to Mr. Greene and transmit a copy to counsel of record.

/s/
DEBORAH K. CHASANOW
United States District Judge
